UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAKONG THAO, et al., | No. 2:21-cv-00731 KJM AC |
| Plaintiffs, | |
| v. | ORDER |
| JEFF LYNCH, et al., | |
| Defendants. | |

Before the court are defendants' motion to quash premature subpoenas (ECF No. 23) and third-party Jose Negrete's motion to quash a subpoena (ECF No. 25). This case was commenced on April 23, 2021. ECF No. 1. There is a pending motion to dismiss, ECF No. 8, which is submitted for decision, ECF No. 20. The parties have not yet participated in a scheduling conference, and the scheduling conference has been indefinitely continued pending resolution of the motion to dismiss. ECF No. 22.

The motions to quash are both GRANTED, without prejudice to reissuance of the subpoenas, because the subpoenas were issued prematurely. Federal Rule of Civil Procedure 26(d) provides that "[a] party may not seek discovery <u>from any source</u> before the parties have conferred as required by Rule 26(f) except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." (emphasis added). The parties have not stipulated to early discovery, nor has the court ordered it. Plaintiffs

1

argue this case is exempt under 26(a)(1)(B) because it is a "prison case," but this case does not fit any of the Rule's named exemptions: it is not "(iii) a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence," nor is it "(iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision." 26(a)(1)(B). Accordingly, the case is not exempted from Rule 26(d)(1)'s limits on the timing of discovery.

Because the issued subpoenas are premature, they are quashed without prejudice to their reissuance at the appropriate time. The motions at ECF Nos. 23 and 25 are GRANTED.

IT IS SO ORDERED.

DATED: May 2, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2