UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chakong Thao, et al., | No. 2:21-cv-00731-KJM-AC |
| Plaintiffs, | ORDER |
| v. | |
| Jeff Lynch, et al., | |
| Defendants. | |

The plaintiffs in this civil rights action are the surviving family of Tou Thao, who allegedly died at the hands of a cellmate in the California State Prison Sacramento. *See* First Am. Compl. ¶¶ 3–10, 22, 31, ECF No. 6. They filed this action against the warden, Jeff Lynch, and a psychologist within the prison, Dr. Angela Swarthout. *See id.* ¶¶ 11–13. They allege the warden violated prison policy by assigning Mr. Thao to the same cell as the man who later killed him, and they allege the warden was deliberately indifferent to Mr. Thao's safety. *See, e.g., id.* ¶¶ 23, 25, 28, 44. They allege the psychologist did not report threats against Mr. Thao's life, did not attempt to prevent the attack that ended his life, and even encouraged the killing. *See, e.g., id.* ¶ 13. The complaint also names several unknown officers and members of the prison's staff as Doe defendants.[1] *See id.* ¶ 14. The plaintiffs assert a single claim against all of the defendants

---

[1] If a defendant's identity is unknown when the complaint is filed, plaintiffs have an opportunity through discovery to identify them. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.

1

under 42 U.S.C. § 1983 and the Fifth, Eighth and Fourteenth Amendments of the U.S. Constitution. *See id.* ¶¶ 21–58.

The matter is before the court on the defendants' motions to dismiss. *See generally* Mot. Dismiss, ECF No. 8; Joinder, ECF No. 18. The plaintiffs oppose, *see generally* Opp'n, ECF No. 9, and the defendants have replied, *see generally* Reply, ECF No. 17. The court held a hearing by videoconference on October 8, 2021. *See* Minutes, ECF No. 20. Herman Franck appeared for the plaintiffs, and Carson Niello appeared for the defendants. As explained below, the motion is **granted in part with leave to amend**.

The court begins with the defendants' argument that several of the plaintiffs may not assert claims on Mr. Thao's behalf. Although the defendants frame this question in jurisdictional terms, *see* Mot. at 5–6, it is unclear whether the question is truly one of jurisdictional proportions, *see Est. of Elkins v. Pelayo*, No. 13-1483, 2020 WL 2571387, at *3–4 (E.D. Cal. May 21, 2020) (describing ambiguities in Ninth Circuit's decisions). The court assumes without deciding that it is. *Cf. id.* at *4 (deciding the issue "is jurisdictional in nature"). California federal district courts use California law to decide whether a particular plaintiff can pursue a claim under § 1983 on behalf of one who has died. *See Hayes v. Cty. of San Diego*, 736 F.3d 1223, 1229 (9th Cir. 2013). "California's statutory requirements for standing to bring a survival action are stated under California Code of Civil Procedure § 377.30." *Id.* Under that section, "an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Civ. Proc. Code § 377.30.

Although ChaKong Thao, who is Tou Thao's father, alleges he is a "proposed" administrator of the estate, he does not claim to be Tou Thao's personal representative under section 377.30. *See* First Am. Compl. ¶ 3 & Ex. A. Nor does he allege compliance with California Code of Civil Procedure section 377.32, which imposes certain requirements on a person "who seeks to commence an action . . . as the decedent's successor in interest." Cal. Civ.

---

1980). But the court will dismiss such unnamed defendants if discovery clearly would not uncover their identities or if the complaint would clearly be dismissed on other grounds. *Id.* The federal rules also provide for dismissing unnamed defendants that, absent good cause, are not served within 90 days of the complaint. Fed. R. Civ. P. 4(m).

1  Proc. Code § 377.32(a).  But given the complaint's other allegations, this ambiguity is not
2  determinative of ChaKong Thao's capacity to sue on his son's behalf.  A report attached to the
3  complaint shows Tou Thao is not survived by a spouse or issue, *see id.* Ex. A, so under California
4  law, his parents are his successors in interest in any event, *see* Cal. Civ. Proc. Code §§ 377.10 &
5  377.11; Cal. Probate Code §§ 6401, 6402.  The court is therefore satisfied ChaKong Thao and
6  Kia Thao have standing to bring claims under § 1983 on their son's behalf.  The court need not
7  decide whether the remaining plaintiffs have constitutional standing.  "[T]he presence of one
8  party with standing is sufficient to satisfy Article III's case-or-controversy requirement."
9  *Rumsfeld v. Forum for Acad. & Inst'l Rights, Inc.*, 547 U.S. 47, 52 n.2 (2006).

10  The warden also argues the complaint does not state a claim against him and moves to
11  dismiss under Rule 12(b)(6).  *See* Mot. at 3–5; Joinder at 1–2.  Dr. Swarthout does not make this
12  argument.  "A supervisor can be liable in his individual capacity for his own culpable action or
13  inaction in the training, supervision, or control of his subordinates; for his acquiescence in the
14  constitutional deprivation; or for conduct that showed a reckless or callous indifference to the
15  rights of others."  *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (quoting *Watkins v. City of*
16  *Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998)).  But a plaintiff cannot state a claim under § 1983
17  by alleging only that an official is culpable.  "[T]o be entitled to the presumption of truth,
18  allegations in a complaint or counterclaim may not simply recite the elements of a cause of
19  action, but must contain sufficient allegations of underlying facts to give fair notice and to enable
20  the opposing party to defend itself effectively."  *Id.* at 1216.

21  Here, the complaint does not include allegations explaining what the warden knew or did
22  not know about Mr. Thao or what he did or did not do to ensure Mr. Thao's safety.  The plaintiffs
23  claim only that the warden was responsible for safety and housing in the prison.  *See, e.g., id.*
24  ¶¶ 12, 15, 23, 25–28, 42–47.  Such generalized allegations do not suffice to state a claim under
25  § 1983.  *See, e.g., Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018); *Dunsmore v. California*,
26  No. 11-7141, 2012 WL 3809413, at *2 (C.D. Cal. July 26, 2012), *report and recommendation*
27  *adopted*, 2012 WL 3810255 (C.D. Cal. Sept. 4, 2012), *aff'd sub nom. Dunsmore v. Cash*,
28  549 F. App'x 680 (9th Cir. 2013).  The court thus dismisses the claims against the warden.

1    The shortcomings summarized above could potentially be corrected in an amended complaint. The motion to dismiss is therefore **granted in part with leave to amend**, if an amendment is possible within the confines of Federal Rule of Civil Procedure 11.  Specifically:

(1) The claims against Warden Lynch are **dismissed with leave to amend**;

(2) The claims against Dr. Swarthout **may proceed as currently alleged and be included in any amended complaint**;

(3) Any second amended complaint must be filed **within twenty-one days**; and

(4) A status (pretrial scheduling) conference is set for **July 14, 2022, at 2:30 p.m.** before the undersigned, with a joint report due twenty-one days prior.

This order resolves ECF No. 8.

IT IS SO ORDERED.

DATED: June 13, 2022.

CHIEF UNITED STATES DISTRICT JUDGE