UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAKONG THAO, et al., | No. 2:21-cv-0731 KJM AC P |
| Plaintiffs, | |
| v. | <u>ORDER</u> |
| LYNCH, et al., | |
| Defendants. | |

      Defendant has filed a motion to quash a subpoena served on non-parties California Department of Corrections and Rehabilitation and California State Prison-Sacramento (ECF No. 40), which plaintiffs oppose (ECF No. 44). In addition to their opposition, plaintiffs have submitted to the court via email a document styled as a "Conditional Request for Leave to File Documents Subject to the Court's Protective Order Unsealed; Notice of Filing Documents Under Conditional Seal in Support of Opposition to Motion to Quash Subpoenas to C.D.C.R. and C.S.P. Sacramento; Cross-Motion to Compel Motion to Compel Compliance with the Subpoena and FRCP Rule 30(d)(2)."

      Plaintiffs' submission improperly combines their motion to publicly file protected documents—which the court construes as a challenge to the documents' confidential designation—and a motion to compel with a request to seal documents. These motions should be filed with the court in compliance with Local Rule 251, Local Rule 141(b), and Section 6.3 of the

protective order; their submission to the court outside the court's electronic filing system is improper. To the extent plaintiffs' request to seal documents is in fact a request to seal,[1] plaintiff has not filed a notice of request to seal documents as required by Local Rule 141(b).[2] For these reasons, plaintiffs' submission fails to comply with the protective order entered in this case and Local Rules 141 and 251 and will not be considered by the court. Plaintiffs may, if they so choose, resubmit their motions and request to seal in a manner that complies with the protective order and the applicable rules of this court.

  IT IS SO ORDERED.

DATED: February 1, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] The request to file documents under seal appears instead to be a challenge to the confidential designation of the documents.

[2] Though Local Rule 141 technically requires that the authority for sealing be provided by the party requesting the documents be filed under seal, the party designating the documents as confidential is ultimately responsible for providing such authority. In light of plaintiffs' apparent challenge to the designation, should plaintiffs make further requests to file under seal, the designating party will be given an opportunity to provide grounds for sealing the proffered documents.