UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAKONG THAO, et al., | No. 2:21-cv-0731 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| JEFF LYNCH, et al., | |
| Defendants. | |

Defendant has filed a motion to quash a subpoena and a request to file documents under seal in support of that motion. ECF Nos. 40, 42. Plaintiffs have also filed two requests to file documents under seal: one in support of their opposition to defendant's motion to quash (ECF No. 48) and one in support of the parties' joint statement regarding a discovery dispute. (ECF No. 48).

I. Defendant's Request to Seal

With respect to defendant's request to seal, the court found that the request failed to provide authority for sealing the documents and provided defendant with an opportunity to supplement the request. ECF No. 43. Defendant has now filed a supplement to the request to seal (ECF No. 46), and plaintiffs have not opposed the request.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City and County of

1

Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978)).  The Ninth Circuit recognizes "a strong presumption in favor of access to court records." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (citations omitted).  "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." Id. at 1180 (citing Foltz, 331 F.3d at 1135-36). The party asserting good cause must show "specific prejudice or harm will result for each particular document it seeks to protect" if the documents are not filed under seal.  Foltz, 331 F.3d at 1130 (citations omitted).

In her supplemental request to seal, defendant narrows the scope of the documents she seeks to file under seal to an investigative report and cellmate history.  ECF No. 46.  She asserts that these documents should be sealed because they contain sensitive and confidential information that would put the safety and security of the prison, prison staff, and inmates at risk if made public. Id.  The supplement is supported by a declaration from a litigation coordinator at California State Prison-Sacramento who avers they are familiar with and have reviewed the documents and that the documents contain information deemed confidential.  ECF No. 46-1.  The declaration further outlines the particular harm public disclosure of each document would entail. Id.  Defendant's supplement to the request to seal sufficiently demonstrates that good cause exists to seal the investigative report submitted as AGO 10-29 (alternatively identified by their production numbers as CDCR 1-20) and the cellmate history documents submitted as AGO 31-34 (alternatively identified by their production numbers as CDCR 170-173) and the request will be granted.[1]

II. Plaintiff's Requests to Seal

Plaintiffs have also submitted two requests to seal.  ECF Nos. 48, 49.  With respect to the first request to seal, because plaintiffs are not the ones who designated the documents confidential, the designating party shall be provided an opportunity to provide grounds for sealing

////

---

[1] The court notes that these documents were also submitted at AGO 46-65, 67-70, 85-104, 107-110.

the documents identified in plaintiffs' request.[2]

With respect to the second request, plaintiffs request that a parole hearing transcript for Jose Negrete[3] be filed under seal. ECF No. 49. However, although plaintiffs state the request is being made in accordance with the protective order, they also state that the document has not been designated confidential or highly confidential by any party and that they are requesting the transcript be sealed "out of an abundance of caution." Id. at 2. The request to seal—submitted to the court outside the court's electronic filing system in accordance with Local Rule 141— elaborates that the transcript was received from one of Negrete's victims, who obtained the transcript from the California Board of Prison Terms "without any kind of restriction or notice of confidentiality," but that the transcript may require sealing because parole hearings are not open to the public and there are references to Negrete's "various psychiatric reports." Request at 2-3. However, despite their apparent belief that the transcript requires sealing, plaintiffs proceeded to quote portions of the transcript in the parties' joint discovery statement. ECF No. 50 at 22-23.

If plaintiffs believe that documents require sealing, it is their burden to provide the necessary authority to the court to justify sealing the documents, and it is inappropriate for them to attempt to shift this burden to the court. It is further inappropriate and inconsistent for plaintiffs to assert that a transcript must be sealed and then publicly file quoted portions of that transcript. Moreover, had counsel done his due diligence and conducted basic research, he would have easily discovered that California Penal Code § 3042(b) provides that transcripts for parole review hearings for inmates serving life sentences are to be "made available to the public no later than 30 days from the date of the hearing." The hearing transcript states that Negrete is serving a

---

[2] It appears that non-party California Department of Corrections and Rehabilitation (CDCR) may be the designating party. Although the CDCR is not a party to this case, counsel for defendant has stated that he also represents the CDCR with regard to the subpoenas and deposition notices at issue in the motion to quash and represented the CDCR with regard to a prior subpoena for documents, which appears to have been the source of the documents at issue. ECF No. 40-1 at 1-2. It therefore appears that service of this order on defendant's counsel through the CM/ECF system is sufficient to constitute service on the CDCR and notice of the opportunity to respond. If defendant is not the designating party, and defendant's counsel does not also represent the designating party, counsel should promptly notify the court to ensure the designating party is properly notified of their opportunity to justify sealing the documents submitted by plaintiff.

[3] Negrete is the inmate accused of murdering plaintiffs' family member.

term of fifteen years to life. Transcript at 3. The transcript is therefore a publicly available document and the request to seal will be denied. Despite the public nature of the transcript, plaintiffs should consider whether it is in fact necessary for them to file the *entire* transcript with the court, when they have already included the potions of the transcript they appear to believe are relevant in their joint statement.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's request to seal documents (ECF No. 42), as narrowed by their supplement to the request (ECF No. 46), is GRANTED. Within seven days of the filing of this order, defendant shall submit the investigative report marked as AGO 10-29 and the cellmate history documents marked as AGO 31-34 to the Clerk of the Court for filing under seal in the manner set forth in Local Rule 141(e)(2).

2. Within seven days of the filing of this order, defendant may publicly file any of the remaining documents originally submitted for sealing if she still seeks to have them considered in support of her motion to quash.

3. Within ten days of the filing of this order, the party designating the documents submitted as part of plaintiffs' first request to seal (ECF No. 48) as confidential may file a response to the request providing further justification for sealing.

4. Plaintiffs' second request to seal (ECF No. 49) is DENIED.

DATED: February 9, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE