UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAKONG THAO, et al., | No. 2:21-cv-0731 KJM AC P |
| Plaintiffs, | |
| v. | ORDER |
| JEFF LYNCH, et al., | |
| Defendants. | |

Plaintiffs have filed a request to file documents under seal in support of their opposition to defendant's motion to quash. ECF No. 48. Because plaintiffs are not the ones who designated the documents confidential, the designating party was provided an opportunity to provide grounds for sealing the documents identified in plaintiffs' request (ECF No. 51), and non-party California Department of Corrections and Rehabilitation (CDCR) has responded (ECF No. 53).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978)). The Ninth Circuit recognizes "a strong presumption in favor of access to court records." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (citations omitted). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." Id. at 1180 (citing Foltz, 331 F.3d at 1135-36). The party asserting good cause must show "specific prejudice or harm will result for each

1

particular document it seeks to protect" if the documents are not filed under seal.  Foltz, 331 F.3d at 1130 (citations omitted).

The CDCR requests that the following documents submitted by plaintiffs be sealed: documents identifying a confidential informant (submitted by plaintiffs as 40-42[1] and alternatively identified by production numbers CDCR 198-200), psychiatric records of a non-party inmate (submitted by plaintiffs as 44-45, 47-50, 52 and alternatively identified by production numbers CDCR 196-197, 541-544, 1096), and documents already sealed by the court (submitted by plaintiffs as 35-38, 70-89 and alternatively identified by production numbers CDCR 1-20, 170-173).  ECF No. 53 at 2-3.  The CDCR asserts that these documents should be sealed because they contain sensitive and confidential information that would put the safety and security of the prison, prison staff, and inmates at risk if made public, and would specifically put the confidential informant at risk and discourage inmates from assisting in investigations or fully participating in their mental health treatment if they knew their responses could be made public.  Id. at 2-3.  It also requests that the interrogatory responses submitted by plaintiffs as pages 2-29 be sealed in their entirety because they quote the confidential material extensively.  Id. at 3.

The CDCR's request to seal is supported by a declaration from a litigation coordinator at California State Prison-Sacramento who avers they are familiar with and have reviewed the documents and that the documents contain information deemed confidential.  ECF No. 53-1.  The declaration further outlines the particular harm public disclosure of each document would entail.  Id.  The CDCR has sufficiently demonstrated that good cause exists to seal the documents identified above and they will be ordered filed under seal.  Because the documents submitted by plaintiffs as 35-38 and 70-89 (alternatively identified by production numbers CDCR 1-20, 170-173) have already been filed under seal with the court as part of the briefing on the motion to quash, it is unnecessary for plaintiffs to resubmit these documents to the court for consideration in connection with their opposition to the motion to quash.

---

[1] Plaintiffs are advised that for any future requests to seal, the documents to be sealed should be numbered more conspicuously and in a manner that is more easily distinguishable from any page numbering that is part of the submitted documents.

2

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to seal documents (ECF No. 48), as narrowed by designating party CDCR's response (ECF No. 53), is GRANTED.  Within seven days of the filing of this order, plaintiffs shall submit the following documents to the Clerk of the Court for filing under seal in the manner set forth in Local Rule 141(e)(2):

    a. Interrogatory responses submitted by plaintiffs as pages 2-29;

    b. Documents identifying a confidential informant submitted by plaintiffs as 40-42 (alternatively identified by production numbers CDCR 198-200); and

    c. Psychiatric records of a non-party inmate submitted by plaintiffs as 44-45, 47-50, 52 (alternatively identified by production numbers CDCR 196-197, 541-544, 1096).

2. The documents submitted by plaintiffs as 35-38, 70-89 (alternatively identified by production numbers CDCR 1-20, 170-173) shall remain sealed.  It is unnecessary for plaintiffs to re-file these documents because they have already been filed under seal in connection with the pending motion to quash (ECF No. 54).

3. Within seven days of the filing of this order, plaintiffs may publicly file any of the remaining documents originally submitted for sealing if they still seek to have them considered in support of their opposition to defendant's motion to quash.

DATED: March 2, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE