1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHAKONG THAO, et al.,                    No.  2:21-cv-0731 KJM AC P

12              Plaintiffs,

13        v.                                  ORDER

14   LYNCH, et al.,

15              Defendants.

16

17        This case is before the court on defendant Swarthout's motion to quash (ECF No. 40),

18   which plaintiffs oppose (ECF No. 44).  The parties have filed a joint discovery statement in

19   compliance with Local Rule 251 and the undersigned's standing order.[1]  ECF No. 50.

20   I.     Relevant Background

21        Plaintiffs filed a first amended complaint against Swarthout, a prison psychiatrist; Lynch,

22   warden at California State Prison (CSP)-Sacramento; and Does 1-10, in which they alleged the

23   defendants were responsible for the death of their son/brother, who was murdered by his cellmate,

24   Negrete.  ECF No. 6.  Swarthout and Lynch moved to dismiss the complaint (ECF Nos. 8, 18),

25   and the motion was granted as to Lynch (ECF No. 30).  To date, no Doe defendants have been

26

27   [1]  The parties are advised that the undersigned's standing order has been updated to reflect
     amendments to Local Rule 251 that provide that joint discovery statements are to be filed at least
28   fourteen days before the scheduled hearing date.

1  substituted with a named individual,[2] and this case currently proceeds on plaintiffs' claims against

2  defendant Swarthout.

3       Plaintiffs served two subpoenas and a deposition notice on non-parties California

4  Department of Corrections and Rehabilitation (CDCR) and CSP-Sacramento seeking production

5  of five categories of documents and to depose the person(s) most knowledgeable in eleven

6  categories.  ECF No. 52.  All of the specified categories seek information related to housing

7  decisions generally and to the specific decision to house the decedent with Negrete.  Id. at 5-8.

8       Defendant Swarthout seeks to quash the subpoenas on the grounds that they seek

9  disclosure of protected matters, plaintiffs have already disregarded the protective order in this

10  case, the discovery sought is irrelevant to the claims against Swarthout, the information sought

11  could be obtained through less burdensome methods, and the expenditure of time and money

12  required to attend and order transcripts for up to eleven depositions would impose a clear burden

13  on defendant.  ECF No. 40; ECF No. 50 at 2-5.

14       Plaintiff opposes the motion and argues that defendant has no standing to bring a motion

15  to quash, the discovery sought is relevant to the claims against the Doe defendants, interrogatories

16  to defendant would be unlikely to yield the information sought and if provided would be hearsay

17  at best, and the requests are not burdensome as each category would require only brief

18  questioning of the deponent.  ECF No. 44 at 2-6, 10-16; ECF No. 50 at 7-21.  Plaintiffs also seek

19  to compel compliance with the subpoenas and sanctions against defense counsel.  ECF No. 44 at

20  6-8, 15-17; ECF No. 50 at 7, 20-21.

21  ////

22  _____

23  [2]  In ruling on the motion to dismiss, the district judge noted that

24       [i]f a defendant's identity is unknown when the complaint is filed,
         plaintiffs have an opportunity through discovery to identify them.
25       Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  But the
         court will dismiss such unnamed defendants if discovery clearly
26       would not uncover their identities or if the complaint would clearly
         be dismissed on other grounds.  Id.  The federal rules also provide
27       for dismissing unnamed defendants that, absent good cause, are not
         served within 90 days of the complaint. Fed. R. Civ. P. 4(m).

28  ECF No. 30 at 1 n.1.

1    II.      Discussion

2           A.      Motion to Quash

3           Defendant seeks to quash a Rule 45 subpoena issued by plaintiffs to non-parties CDCR

4    and CSP-Sacramento.  ECF No. 40.  "As provided in Rule 45, a nonparty may be compelled to

5    produce documents and tangible things or to permit an inspection."  Fed. R. Civ. P. 34(c).  Rule

6    45 permits a party to issue a subpoena commanding the person to whom it is directed to "attend

7    and testify; produce designated documents, electronically stored information, or tangible things in

8    that person's possession, custody, or control; or permit the inspection of premises."  Fed. R. Civ.

9    P. 45(a)(1)(A)(iii).  The recipient may object to a subpoena, or move to quash or modify it.  Fed.

10   R. Civ. P. 45(d)(2)(b), 45(d)(3).

11                    The Ninth Circuit has yet to address the question of whether a party
                     has standing to bring a motion to quash since usually only the
12                   subpoenaed non-party may move to quash.  The general rule,
                     however, is that a party has no standing to quash a subpoena served
13                   upon a third party, except as to claims of privilege relating to the
                     documents being sought.
14

15   Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc., 299 F.R.D. 638, 643 (E.D. Cal. 2014)

16   (citing Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo. 1997)).  Under this general rule,

17   defendant lacks standing to object to the subpoenas on grounds of relevance or undue burden, and

18   to the extent she relies on such arguments, the motion is denied.[3]  See H.I.S.C., Inc. v. Franmar

19   Int'l Imps., Ltd., No. 16-cv-480 BEN (WVG), 2018 WL 2095738, at *2-3, 2018 U.S. Dist.

20   LEXIS 76879, at *6, 8 (S.D. Cal. May 7, 2018) (with respect to both subpoenas duces tecum and

21   deposition subpoenas "[a] party has no standing to move to quash a subpoena on the ground that

22   it is unduly burdensome when the non-party has not objected on that basis" (citations omitted));

23   G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc., No. 04-cv-1199 DAE GWF, 2007 WL

24   119148, at *3, 2007 U.S. Dist. LEXIS 97869, at *12 (D. Nev. Jan. 9, 2007) ("A party's objection

25   that the subpoena issued to the non-party seeks irrelevant information or imposes an undue

26

27   _____
     [3]  The court further notes that any argument that the number of depositions would be unduly
     burdensome is entirely speculative at this point, as there is no indication how many of the
28   categories identified by plaintiffs would require a separate individual to be deposed.

                                              3

1    burden on the nonparty are not grounds on which a party has standing to move to quash a

2    subpoena issued to a non-party, especially where the non-party, itself, has not objected." (citation

3    omitted)).

4           A party cannot seek to quash a Rule 45 subpoena except to the extent that it has "a

5    personal right or privilege in the information sought to be disclosed." Freed v. Home Depot

6    U.S.A., Inc., No. 18-cv-359 BAS (LL), 2019 WL 582346, at *2, 2019 U.S. Dist. LEXIS 23763, at

7    *6 (S.D. Cal. Feb. 13, 2019) (quoting Chevron Corp. v. Donziger, No. 12-mc-80237 CRB (NC),

8    2013 WL 4536808, at *4, 2013 U.S. Dist. LEXIS 119622, at *14 (N.D. Cal. Aug. 22, 2013)).  To

9    the extent defendant makes arguments regarding privacy or confidentiality concerns related to the

10   discovery sought, it is clear that she is making an argument related to the privacy and security

11   concerns of third parties and therefore does not have standing to raise these concerns.[4]  These are,

12   of course, all objections that the CDCR and CSP-Sacramento are free to raise, but they do not

13   implicate any right or privilege belonging to defendant and her motion to quash lacks standing,

14   and therefore must be denied.

15          B.    Motion to Compel

16          To the extent plaintiffs are attempting to compel compliance with the subpoenas against

17   the CDCR and CSP-Sacramento in conjunction with their opposition to the motion to quash, such

18   a motion has not been properly identified as a cross-motion or separately noticed and is therefore

19   not properly before this court.  Plaintiffs' putative motion to compel is a separate matter from the

20   motion to quash, and therefore must be separately noticed in accordance with the applicable rules.

21   The court further notes that it is not clear whether the non-parties have been properly served.

22   Although the record reflects that defendant's counsel has represented these entities on matters

23   related to the subpoenas (ECF No. 40-1 at 1-2), he did not appear on their behalf on the record in

24   this case until filing a supplement to plaintiffs' request to seal documents (ECF No. 53).  The

25   non-parties' appearance in this case occurred after plaintiffs filed their purported motion to

26   _____

27   [4]  Despite defendant's lack of standing to raise these concerns, the court is troubled by plaintiffs'
     apparent violation of the protective order in this case based upon their assumption that because
28   confidential documents were produced by the CDCR and CSP-Sacramento "they are viewable by
     anyone in CDCR and CSP-Sacramento."  ECF No. 50 at 34.

compel (ECF No. 44), so they could not have been properly served through the court's electronic filing system and there is no indication of any other service.  For these reasons, the motion to compel will be denied without prejudice.  Because plaintiffs' motion to compel is being denied, their request for sanctions will also be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to quash (ECF No. 40) is DENIED for lack of standing; and

2. Plaintiffs' motion to compel and request for sanctions (ECF No. 44) is DENIED without prejudice to a motion that is properly noticed and served.

DATED: March 13, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE