UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ChaKong Thao, et al., | No. 2:21-cv-00731-KJM-AC |
| Plaintiffs, | ORDER |
| v. | |
| Angela Swarthout, | |
| Defendant. | |

Plaintiffs ChaKong Thao, Kia Thao, Joy Thao, Bee Thao, Paul Thao, May Thao and Jer Thao request leave to amend their complaint to join new defendants, add new exhibits, add additional allegations and add a new claim. Lastly, plaintiffs seek to amend the scheduling order. Defendant Dr. Angela Swarthout opposes. As explained below, the court **grants** plaintiffs' motion.

**I.     BACKGROUND**

The plaintiffs in this civil rights action are the surviving family of Tou Thao, who allegedly died at the hands of a cellmate in California State Prison, Sacramento. *See* First Am. Compl. ¶¶ 3–10, 22, 31, ECF No. 6. Plaintiffs brought this suit over three years ago. *See* Original Compl., ECF No. 1. They filed their first amended complaint within two months of bringing the action. *See* First Am. Compl. The court previously granted defendants' motion to dismiss in part with leave to amend, specifically dismissing claims against Warden Jeff Lynch.

1

1 *See* Order (June 14, 2022), ECF No. 30.  However, plaintiffs "decided not to file a Second
2 Amended Complaint," accepting defendant Lynch's dismissal from the case.  Joint Status Rep. at
3 4, ECF No. 35.  Plaintiffs now move to amend the complaint a second time and to amend the
4 scheduling order.  *See generally* Mot., ECF No. 62; Mem., ECF No. 62-1.  Plaintiffs also request
5 to seal certain documents related to the motion.  *See* Notice Req. Seal, ECF No. 63.  The motion
6 is now fully briefed, *see* Opp'n, ECF No. 64; Reply, ECF No. 66, and the court submitted the
7 matter without a hearing, *see* Min. Order, ECF No. 68.

8     Plaintiffs request to amend the scheduling order not only to amend the complaint, but also
9 to amend the discovery and expert and percipient witness deadlines.  *See* Mot.  Plaintiffs claim a
10 document obtained in discovery and a subsequent "cover up" conspiracy form the primary basis
11 of their request to amend the complaint.  *See* Mem. at 3, 7, 11.  Though plaintiffs' attorney
12 admits they received the email with the document obtained in discovery from opposing counsel
13 on June 2, 2023, he claims it "ended up in [their] spam folder[], and was re-sent to [them] on
14 September 28, 2023," at which point they learned of the new information that led to this motion.
15 Franck Decl. ¶ 10, ECF No. 62-2.  He filed the pending motion in November 2023.  *See* Mot.

16 **II.   SEALING REQUEST**

17     Parties seeking to seal material attached to a non-dispositive motion such as Thao's must
18 demonstrate a particularized "good cause" exists to protect this information from being disclosed
19 to the public.  *See Kamakana v. City of Honolulu*, 447 F.3d 1172, 1179–81 (9th Cir. 2006); *Foltz*
20 *v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  Plaintiffs have filed a
21 notice of request to seal two exhibits: a housing administration document that names who
22 assigned Tou Thao to be housed with the cellmate who allegedly killed him, as well as a "[s]eries
23 of job descriptions explaining the duties of correctional investigative staff."  Notice Req. Seal at
24 2. Plaintiffs, however, have not provided any evidence of good cause other than stating "the
25 California Department of Corrections and Rehabilitation via the California Attorney General's
26 office" provided the documents "pursuant to responses to a subpoena . . . issued by Plaintiff's
27 counsel" and the documents were labeled "For attorney's eyes only."  *Id.* at 3; *see Finisar Corp.*
28 *v. Nistica, Inc.*, No. 13-03345, 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015) (party seeking

to seal did not show "good cause" where it did not explain how it would be harmed).  Because plaintiffs have not shown good cause and this court "only consider[s] requests to seal or redact filed by the proponent of sealing or redaction," the court **denies** the request to seal the two exhibits.  *See* Scheduling Order at ¶ 13, ECF No. 37.  The court **provisionally seals** the two exhibits to preserve the record and **directs** defendant to show good cause for sealing these documents within 14 days from the date of this order.  *See Aerojet Rocketdyne, Inc. v. Glob. Aerospace, Inc.*, No. 17-1515, 2019 WL 8273957, at *1 (E.D. Cal. Oct. 11, 2019).  If defendant does not show good cause, the court will order the documents unsealed.

### III.   LEGAL STANDARD

#### A.   Rule 16(b)

A party seeking leave to amend pleadings after a deadline specified in the scheduling order must first satisfy Federal Rule of Civil Procedure 16(b)'s "good cause" standard. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992).  Motions for leave to amend pleadings after the court's issuance of a pretrial scheduling order under Federal Rule of Civil Procedure 16 are deemed as motions to modify the scheduling order even when no formal request has been made.  *Id.*; *see Cutera, Inc. v. Lutronic Aesthetics, Inc.*, No. 20-00235, 2022 WL 16702138, at *2 (E.D. Cal. Nov. 3, 2022) ("[G]ranting the plaintiff's motion to add a party would necessarily require modification of the scheduling order.").  Under Rule 16(b), "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Distinct from Rule 15(a)'s liberal amendment policy, Rule 16(b)'s good cause standard focuses primarily on the diligence of the moving party, and its reasons for seeking modification.  *See Johnson*, 975 F.2d at 609.

If a party moves to amend a Rule 16 scheduling order and reopen discovery, as is the case here, the court must also consider the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery

3

>
> by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM North Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (citation omitted).

### B.     Rule 15(a)

If a party shows good cause to amend the scheduling order, it must next show the complaint may be amended under Rule 15. *See Mammoth*, 975 F.2d at 608. Rule 15(a)(2) provides, "[t]he court should freely give [leave to amend] when justice so requires," and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). When a court considers a motion to amend, it "must be guided by the underlying purpose of Rule 15—to facilitate decisions on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted). Further, the Ninth Circuit "differentiate[s] between pleadings attempting to amend claims from those seeking to amend parties." *Union Pac. R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (emphasis omitted). "Amendments seeking to add claims are to be granted more freely than amendments adding parties." *Id.* The party opposing amendment bears the burden of showing bad faith, unfair delay, prejudice or futility of amendment. *See United Steel Workers Int'l Union v. ConocoPhillips Co.*, No. 08-2068, 2009 WL 650730, at *2 (C.D. Cal. Mar. 12, 2009) (citations omitted).

## IV.    ANALYSIS

### A.     Rule 16(b)

Plaintiffs seek leave to amend the Rule 16 scheduling order because they argue they obtained new evidence through discovery that affects their claims and the defendants they seek to add. First, plaintiffs seek to amend the First Amended Complaint to join five new defendants: Correctional Lieutenant Josh Bullard, Correctional Sergeant Norman Fujiwara, Correctional

4

Sergeant Kevin Steele, Correctional Lieutenant E. Altvatter and Carrie Look. *See* Mot. at 3. Second, they seek to add a new claim for relief, "a Second Claim under the Federal Civil Rights Act based on the conduct of legal analyst, the investigative correctional officers and legal assistant Carrie Look in covering up the culpability of new defendant E. Altvatter." *Id.* at 4. Third, they seek to add additional details to various parts of the complaint and to add additional exhibits. *See id.* at 2–6. For example, the proposed complaint "updates the status of Plaintiff ChaKong Thao to reflect that he [has] been duly appointed as Administrator of the Estate of Tou Thao." *Id.* at 4.

Granting leave to amend the scheduling order in response to new evidence attained in discovery is common. *See, e.g.*, *Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist.*, No. 05-583, 2006 WL 3733815 (E.D. Cal. Dec. 15, 2006); *Orozco v. Midland Credit Mgmt. Inc.*, No. 12-02585, 2013 WL 3941318 (E.D. Cal. July 30, 2013). And here, the proposed Second Amended Complaint conforms plaintiffs' pleadings to the newly discovered evidence. Moreover, plaintiffs filed this motion within two months of discovering the evidence that supports the motion, which the court finds demonstrates diligence. *See, e.g.*, *Wynes v. Kaiser Permanente Hosps.*, No. 10–00702, 2012 WL 2339245, at *1 (E.D. Cal. June 19, 2012) (finding diligence where plaintiff sought leave to amend two months after documents with pertinent information were produced); *Fru-Con Constr. Corp.*, 2006 WL 3733815, at *3–5 (holding defendant acted with diligence in moving for leave to amend counterclaim approximately two months after deposition revealing new facts).

The court finds good cause exists under the general Rule 16 inquiry.

The court thus turns to consider the relevant factors identified in the *City of Pomona* case. 866 F.3d at 1066. Here, no trial date has been set, and trial is not imminent. Although defendant opposes the request to reopen discovery insofar as discovery would be reopened as to more than just the claims against Dr. Swarthout, *see* Opp'n at 2 & n.1, the court is satisfied plaintiffs sought discovery as diligently as can reasonably be expected. Furthermore, plaintiffs obtained the pertinent information towards the end of discovery, with the need for additional discovery not foreseeable prior to that time. Reopening discovery will likely lead to the disclosure of relevant

5

evidence, particularly regarding the new defendants. The court finds the relevant factors weigh in plaintiffs' favor and **grants** leave to amend under Rule 16(b).

### B. Rule 15(a)

Having shown good cause, the court next considers whether the limitations on Rule 15(a)'s liberal policy of granting leave to amend, described above, apply here. *Ascon Props. Inc.*, 866 F.2d at 1160. Plaintiffs have amended their complaint once before, two months after initially filing the complaint. *See* First Am. Compl. Prejudice to defendant is limited here because she was aware of and possessed the documents that were shared in discovery and led to this motion. *See Orozco*, 2013 WL 3941318, at *4 (finding defendant not prejudiced under Rule 15 limitations when defendant was already aware of pertinent new information underlying request for leave to amend). Moreover, defendant has not argued or demonstrated plaintiffs seek leave to amend in bad faith. Additionally, granting leave to amend will not be futile because it is not "patently obvious[] that the plaintiff[s] could not prevail on the facts alleged[.]" *Cohen v. Longshore*, 621 F.3d 1311, 1314–15 (10th Cir. 2010) (quotation marks and internal citation omitted); *see, e.g., Ctr. for Biological Diversity v. Veneman*, 394 F.3d 1108, 1114 (9th Cir. 2005). Although defendant raises valid concerns about whether delay would result from plaintiffs' proposed amendments, the circumstances of the request justify the delay. *See* Opp'n at 3–5; *W. Shoshone Nat. Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991) (An unjustified delay is "undue" under the Rule 15 analysis). Considering the liberal nature of granting leave to amend under Rule 15(a), the court finds none of the limitations apply here and **grants** leave to amend under Rule 15(a).

### V. CONCLUSION

The court **grants** plaintiffs' motion for leave to amend. A second amended complaint shall be filed within fourteen days of the date this order is filed. The court **denies** plaintiffs' sealing request and **directs** defendant to show good cause if she can for sealing these documents within 14 days from the date of this order.

/////

/////

1  This order resolves ECF Nos. 62 and 63.

2  IT IS SO ORDERED.

3  DATED: August 21, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE