UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAKONG THAO, et al. | No. 2:21-cv-00731-DC-AC |
| Plaintiffs, | |
| v. | ORDER DISMISSING THE CLAIMS OF PLAINTIFF KIA THAO PURSUANT TO RULE 25 OF THE FEDERAL RULES OF CIVIL PROCEDURE |
| JEFF LYNCH, et al. | |
| Defendants. | |

This case arises from the murder of Decedent Tou Thao by his cellmate Jose Negrete on September 5, 2019, in California State Prison, Sacramento. (Doc. No. 70.) After the parties reported that Plaintiff Kia Thao, the mother of Decedent, had passed away, the court ordered the parties to meet and confer and file appropriate notice pursuant to Federal Rule of Civil Procedure 25(a) by no later than September 5, 2025. (Doc. Nos. 92 at 2–3; 97 at 2.) In the alternative, the court ordered Plaintiffs to file a notice of dismissal of Plaintiff Kia Thao's claims in this action by September 5, 2025. (Doc. No. 97 at 2.)

On September 4, 2025, counsel for Plaintiffs and Defendants E. Altvatter, Norman Fujiwara, and Josh Bullard exchanged emails related to the substitution of Plaintiff Kia Thao. (Doc. No. 99-1 at ¶ 3.) During the meet and confer process, Plaintiffs' counsel suggested a stipulation regarding the dismissal of Plaintiff Kia Thao and substituting the Estate of Kia Thao in her place. (*Id*. at ¶ 7.) Defendants Altvatter, Fujiwara, and Bullard did not stipulate to substituting

1

the Estate of Kia Thao in Plaintiff Kia Thao's place. (*Id*. at 4.)

The following day, Defendants Altvatter, Fujiwara, and Bullard filed a suggestion of Plaintiff Kia Thao's death, noting on information and belief that she died on September 2, 2024. (Doc. No. 98.) Three days later, Defendants Altvatter, Fujiwara, and Bullard filed a notice of satisfaction of Rule 25 service. (Doc. No. 99.) Therein, Defendants notified the court that Plaintiff ChaKong Thao, the surviving spouse and personal representative of Plaintiff Kia Thao, had been served with the suggestion of death through service on his counsel. (*Id*.)

Federal Rule of Civil Procedure 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

The Ninth Circuit has held that there are two affirmative steps that trigger the running of the Rule 25(a)(1) ninety-day period. *Gilmore v. Lockard*, 936 F.3d 857, 865 (9th Cir. 2019) (citing *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994)). "First, a party must formally suggest the death of the party upon the record." *Id*. Second, the suggestion of death must be served on the parties in accordance with Federal Rule of Civil Procedure 5 and served on nonparties in accordance with Rule 4. *Id*.; Fed. R. Civ. P. 25(a)(3) If the requirements of Rule 25(a)(1) are met, "[t]he substituted party steps into the same position as [the] original party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

Here, Defendants Altvatter, Fujiwara, and Bullard filed the formal suggestion of death of Plaintiff Kia Thao on September 5, 2025. (Doc. No. 98.) Because Plaintiff ChaKong Thao's counsel was served with the formal suggestion of death on September 5, 2025 (*id*. at 3), the deadline to file a motion to substitute under Rule 25(a)(1) was December 2, 2025. To date, Plaintiffs have not filed a motion to substitute as required under Rule 25(a)(1). *See McDow v. Harris*, No. 21-cv-00119-ADA-SKO, 2022 WL 17476435, at *1 (E.D. Cal. Dec. 6, 2022) (noting "Rule 25(a)(1) is stated in mandatory terms, and the party 'must be dismissed' given the failure to

timely file a motion for substitution") (citing *Barlow*, 39 F.3d at 233). Because a motion was not filed, the claims of Plaintiff Kia Thao must be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1.   The claims of Plaintiff Kia Thao are dismissed pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure; and

2.   The action shall proceed on Plaintiffs ChaKong Thao, Joy Thao, Bee Thao, Paul Thao, May Thao, and Jer Thao's claims.


IT IS SO ORDERED.

Dated:   **January 20, 2026**

Dena Coggins
United States District Judge

3